UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**SARAH SENCHYSHYN,**                                    Case No.   6:17-CV-0162 (LEK/TWD)

                                   Plaintiff,                    **COMPLAINT**

        vs.

**BIC SPORT NORTH AMERICA, INC.,**

                                   Defendant.

        Plaintiff, Sarah Senchyshyn, by and through her counsel, the Law Offices of Donald

R. Gerace, Esq., hereby commences this action against BIC Sport North America, Inc. for

compensatory relief and alleges as follows:

## JURISDICTION

        1.        This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, in that

this is a civil action based upon the diversity of the parties and involves claims in excess of

$75,000.00 exclusive of interest and costs.  All facts and law in controversy in this action

are between parties who are citizens of different states as herein alleged.

## VENUE

        2.        Venue is proper in this Court under 28 U.S.C. §1391(a) and (b) based upon

the fact that a substantial part of the events or omissions giving rise to the Plaintiff's claims

occurred within this District of New York and a substantial number of the witnesses as well

as the Plaintiff reside herein.

## PARTIES

3.      The Plaintiff, Sarah Senchyshyn, was and still is a resident of the Town of

Hartwick, County of Otsego and State of New York.

4.      Defendant, BIC Sport North America, Inc., was and still is a foreign

corporation organized and existing under the laws of the State of Massachusetts with

principal offices located at 2384 Cranberry Highway, West Wareham, Massachusetts

02576.  By virtue of the laws of New York State, said Defendant (hereafter "BIC ") has

conducted business in New York State.  BIC develops technology and engages in the

manufacture and distribution of water sports products for windsurfing, surfing, kayak and

stand up paddleboard (SUP) markets which it sells on a worldwide basis.  BIC is a

subsidiary of Societe BIC, S.A.  BIC's SUP product line is one of its largest areas of

manufacturing and sales making it one of the world leaders in SUP sales.

5.      Defendant, BIC, researches, develops, manufactures, advertises, promotes,

markets and sells its stand up paddleboards through authorized dealerships in the United

States and elsewhere.

## FACTS

6.      Upon information and belief, at all times relevant hereto, the Defendant or

through its wholly owned divisions or subsidiaries, employees, agents and representatives,

were engaged in manufacturing, marketing and sales of stand up paddle boards.

7.      At all times herein mentioned, the Defendant itself or by use of others, did

manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise

and otherwise promote and distribute SUP products, including the SUP ACE TEC Crossfit 10'0" (hereafter the "ACE-TEC") in interstate commerce.

8.      Upon information and belief, the Defendant authorized Canoe & Kayak Rental and Sales, LTD located at 2828 NYS Route 28, Portlandville, New York to act as an authorized dealer of BIC products and to engage in advertising and promotional activity for the sales of the ACE-TEC on behalf of BIC. Canoe & Kayak Rental and Sales, LTD's promotions and advertising indicated that the ACE-TEC was safe and could be used for all SUP modalities which the Defendant knew would be employed by a variety of end users and which, necessarily, would require such end users to handle the ACE-TEC with their hands to in order to lift, move, launch, recover and store the same.

9.      On June 28, 2016, based upon the Defendant's advertising and the representations made by the Defendant and its authorized dealers that the ACE TEC was safe to use and unlikely to subject the Plaintiff to injury or other harm as a result of its use, Plaintiff purchased the same from Canoe & Kayak Rentals and Sales, LTD for the uses encouraged by the Defendant.

10.      Following said purchase, Plaintiff used the ACE TEC one to two times a day. After approximately a week, Plaintiff began to experience significant pain in her hands from picking up and moving the ACE TEC. After going for medical treatment for the pain, Plaintiff's medical providers discovered that Plaintiff had microscopic fibers imbedded in her hands. Examination of the ACE TEC purchased by the Plaintiff revealed that it was delaminating and shedding microscopic fibers from the edges of the SUP.

11.     As result of the microscopic fibers shed from the newly purchased ACE TEC and Plaintiff's normal use of the same, Plaintiff's hands are embedded with such fibers causing severe pain, loss of motion, numbness, deformity and other effects for which she sought treatment and therapies, to no avail.

## AS AND FOR A FIRST CAUSE OF ACTION
## (STRICT LIABILITY - MANUFACTURING DEFECT)

12.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "11" above, with the same force and effect as if fully set forth at length herein.

13.     Upon information and belief, the ACE TEC SUP product ultimately sold to the Plaintiff on June 28, 2016 was in a defective condition when the Defendant sold, distributed, delivered, furnished, transmitted, supplied or otherwise placed said specific ACE TEC SUP product into the stream of commerce for sale to and use by the Plaintiff.

14.     The subject ACE TEC SUP product was in an unreasonably dangerous condition from manufacturing defects at the time it left the control of the Defendant and remained in said condition until sold to the Plaintiff on June 28, 2016.

15.     The subject ACE TEC SUP product's defective manufacture was discovered by Plaintiff when Plaintiff was treated for the pain in her hands after using the same.

16.     The subject ACE TEC SUP product that was sold to the Plaintiff had had no change in condition from when it was manufactured until it was sold to the Plaintiff and her injuries were due to its defective manufacture.

17.     The defective manufacture of the ACE TEC SUP product sold to the Plaintiff

on June 28, 2016 was a substantial factor in causing Plaintiff's serious and permanent

injuries; to wit:  severe nerve damage, scarring, severe and chronic pain, loss of motion,

numbness, depression and other injuries.

18.     At the time of the injuries to the Plaintiff, the ACE TEC SUP product was

being used for a purpose and in a manner reasonably foreseeable to the Defendant.

19.     As a direct and proximate result of the subject ACE TEC SUP product's

defective manufacture, the Defendant is strictly liable for the injuries sustained by the

Plaintiff as a result of said product's use.

20.     As a result of the foregoing, Plaintiff has been damaged and is entitled to

compensatory damages from the Defendant in an amount to be determined by a jury trial of

the issues herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### (STRICT LIABILITY – DESIGN DEFECT)

21.     Plaintiff incorporates by reference and re-alleges each and every allegation

contained in Paragraphs "1" through "20" above, with the same force and effect as if fully

set forth herein.

22.     At all times herein mentioned, the ACE TEC SUP product was dangerous and

defective in that any benefit from said product was outweighed by the risks of product

failure and serious injury.

23.     At all times herein mentioned, Defendant placed said product in the stream of commerce which was defective in design.  The ACE TEC SUP product was uniformly defective in that, as designed, it was prone to fraying, breakage and structural failure causing it to fail to function in a manner not immediately detectable by the Plaintiff.

24.     The subject ACE TEC SUP product was in a defective condition when it was sold, distributed, delivered, furnished and/or supplied to Plaintiff.

25.     The subject ACE TEC SUP product was in an unreasonably dangerous condition at the time it left the control of the Defendant and remained in that condition until the time the defect was discovered when Plaintiff had her medical treatments after use of the product.

26.     The subject ACE TEC SUP product that was sold to the Plaintiff had no change in condition from when it was manufactured until it frayed, broke and shed fibers because of its defective design and manufacture.

27.     As a direct and proximate result of the defects in and unreasonably dangerous condition of the ACE TEC SUP product, the Defendant is strictly liable for the injuries sustained by the Plaintiff as a result of said product's use.

28.     As a result of the foregoing, Plaintiff has been damaged and is entitled to compensatory damages from the Defendant in an amount to be determined by a jury trial of the issues herein.

## AS AND FOR A THIRD CAUSE OF ACTION
## (FAILURE TO WARN)

29.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "28" above, with the same force and effect as if fully set forth at length herein.

30.     Upon information and belief, beginning prior to the time the ACE TC SUP product herein complained of was sold to the Plaintiff, Defendant failed to warn potential users of the dangers of using the ACE TEC SUP product for stand up paddle boarding and failed to protect users such as the Plaintiff from the serious dangers which the Defendant knew or should have known would occur from use of said product.

31.     Upon information and belief, the Defendant initially ignored, understated, downplayed or withheld information concerning the ACE TEC SUP's condition and risks associated with the ACE TEC SUP product as well as the lack of adequate testing and monitoring of the same for safety.

32.     The Defendant failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of the use of said product to the public after learning of the same and prior to its product sale to Plaintiff.

33.     As a direct and proximate result of the aforesaid failure by the Defendant to provide appropriate warnings, Plaintiff sustained the injuries complained of herein.

34.     Plaintiff has been damaged by the Defendant's failure to warn the Plaintiff and is entitled to compensatory damages from the Defendant in an amount to be determined upon a jury trial of the issues complained of herein.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(BREACH OF EXPRESS WARRANTY)**

35.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "34" above, with the same force and effect as if fully set forth at length herein.

36.     Upon information and belief, Defendant expressly warranted through its representations in advertising, labeling and trade magazines that the ACE TEC SUP product was safe for use by the public for whom it was intended.

37.     Defendant breached such warranty in that said product was not safe for the purpose for which it was intended.

38.     As a direct and proximate result of the aforesaid breach, Plaintiff sustained the injuries complained of herein and will continue to suffer harm in the future as set forth herein.

39.     Plaintiff has been damaged by the Defendant's breach of warranty as aforesaid and is entitled to compensatory damages from the Defendant in an amount to be determined upon a jury trial of the issues herein alleged.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (BREACH OF IMPLIED WARRANTY)

40.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "39" above, with the same force and effect as if fully set forth at length herein.

41.     At the relevant times when each Defendant marketed, sold and distributed the ACE TEC SUP product used by members of the public, including the Plaintiff herein, it knew the use for which the product was intended and impliedly warranted said product to be of merchantable quality and safe and fit for such use.

42.     Plaintiff reasonably relied upon said implied warranties and, contrary to the same, said ACE TEC SUP product was not of merchantable quality nor safe or fit for the intended use because said product was unreasonably dangerous and unfit for the purpose for which it was to be used.

43.     As a direct and proximate result of the Defendant's breach of implied warranties of merchantability and fitness for a particular purpose, the Defendant is liable to Plaintiff for the injuries that she sustained from said product's use.

44.     As a result of the foregoing, Plaintiff is entitled to compensatory damages from said Defendant in an amount to be determined upon a jury trial of the issues alleged herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (NEGLIGENT MANUFACTURE)

45.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "44" above, with the same force and effect as if fully set forth at length herein.

46.     Upon information and belief, Defendant knew or should have known with the exercise of reasonable care that the manufacture of the subject ACE TEC SUP was inadequate, improper and defective in its assembly and construction, thereby rendering said ACE TEC SUP an unreasonably dangerous product.

47.     Prior to the time the subject ACE TEC SUP left the Defendant's possession for insertion into the stream of commerce and eventual sale to the Plaintiff, the Defendant knew or should have known through proper testing that said ACE TEC SUP was defectively manufactured and posed a significant risk of injury to the user of said ACE TEC SUP.

48.     Upon information and belief, as a result of the Defendant's negligent manufacture of the subject ACE TEC SUP, Plaintiff sustained great pain and suffering when said ACE TEC SUP frayed, delaminated and shed microscopic fibers which became embedded in Plaintiff's hands from her use of the same.

49.     The aforesaid conduct of the Defendant in the defective manufacture of the subject ACE TEC SUP was negligent and, as a direct and proximate result of said negligence, Plaintiff was harmed and sustained serious permanent injuries, to wit:  severe

nerve damage, scarring, severe and chronic pain, loss of motion, numbness, depression and other injuries.

50.     By reason of the foregoing, Plaintiff continues to sustain great pain and suffering and has required continued treatment for her significant and disabling injuries.

51.     The injuries sustained by the Plaintiff were caused solely by the Defendant's negligent manufacture of the subject ACE TEC SUP without any fault on the part of the Plaintiff contributing thereto.

52.     As a result of the foregoing, Plaintiff is entitled to compensatory damages from the Defendant in an amount to be determined by a jury trial of the issues herein.

<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>
<u>(NEGLIGENT DESIGN)</u>

53.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "52" above, with the same force and effect as if fully set forth at length herein.

54.     Upon information and belief, Defendant knew or should have known with the exercise of reasonable care that the design of the subject ACE TEC SUP was inadequate, improper and defective thereby rendering said ACE TEC SUP prone to fraying, delamination and shedding microscopic fibers when used in the manner for which it was intended.

55.     Upon information and belief, Defendant was negligent in the design of the subject ACE TEC SUP and, prior to the time said ACE TEC SUP was sold to the Plaintiff,

the Defendant knew or should have known that a significant portion of the users of the ACE TEC SUP would be subject to a significant risk of danger based upon said negligent design and said product being prone to fraying, delaminating and shedding fibers.

56.     As a direct and proximate result of the Defendant's negligent design of the subject ACE TEC SUP, Plaintiff was harmed by said ACE TEC SUP after it had been sold to the Plaintiff, thereby causing serious permanent injuries, to wit:  severe nerve damage, scarring, severe and chronic pain, loss of motion, numbness, depression and other injuries.

57.     By reason of the foregoing, Plaintiff sustained great pain and suffering, continues to sustain great pain and suffering and has required continued treatment for her significant and disabling injuries.

58.     The injuries sustained by the Plaintiff were caused solely by the Defendant's negligent design of the subject ACE TEC SUP without any fault on the part of the Plaintiff contributing thereto.

59.     As a result of the foregoing, Plaintiff is entitled to compensatory damages from the Defendant in an amount to be determined by a jury trial of the issues herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (GENERAL NEGLIGENCE)

60.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "59" above, with the same force and effect as if fully set forth at length herein.

61.     Upon information and belief, Defendant knew or should have known with the exercise of reasonable care that, due to its defective design, defective manufacture, inadequate testing, inadequate warnings and inadequate instructions to end users, the ACE TEC SUP was an unreasonably dangerous product and, nevertheless, manufactured and placed said product into the stream of commerce.

62.     Prior to the sale of the ACE TEC SUP to the Plaintiff, the Defendant knew or should have known that a significant portion of the users of said product would be subject to a significant risk of danger if said product frayed, delaminated and shed microscopic fibers.

63.     The aforesaid conduct of the Defendant was negligent and, as a direct and proximate result of having the defective product sold to the Plaintiff, Plaintiff was harmed and sustained serious permanent injuries, to wit:  severe nerve damage, scarring, severe and chronic pain, loss of motion, numbness, depression and other injuries.

64.     By reason of the foregoing, Plaintiff sustained great pain and suffering, continues to sustain great pain and suffering and has required continued treatment for her significant and disabling injuries.

65.     The injuries sustained by the Plaintiff were caused solely by the Defendant's negligently manufactured and designed product without any fault on the part of the Plaintiff contributing thereto.

66.     As a result of the foregoing, Plaintiff is entitled to compensatory damages from the Defendant in an amount to be determined by a jury trial of the issues herein.

## AS AND FOR A NINTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

67.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs "1" through "66" above, with the same force and effect as if fully set forth at length herein.

68.     Upon information and belief, prior to the Defendant's sale of the ACE TEC SUP to Plaintiff, Defendant had information and knowledge that the ACE TEC SUP was defective in design and manufacture causing it to be prone to fraying, delaminating and shedding microscopic fibers.

69.     Defendant, in placing the ACE TEC SUP on the market and allowing the continued sales and use of said product even after Defendant discovered or should have discovered the defects inherent in said product, misrepresented to the public and to the Plaintiff in particular, the safety of said product.

70.     As a result of the foregoing, the Defendant is liable to the Plaintiff for the injuries she sustained as a result of the fraying, delaminating and shedding of microscopic fibers of the ACE TEC SUP product sold to Plaintiff.  The Defendant's misrepresentation and concealment of the defective product also warrants the imposition of punitive or exemplary damages against the Defendant.

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each cause of action as follows:

1.      For compensatory damages in an amount to be determined after a trial of the issues herein; and

2.      For punitive damages in the amount of $1,000,000.00; and

3.      For attorneys fees and the costs and disbursements of this action;

4.      For prejudgment interest; and

5.      For such other and further relief as this Court deems just and proper.

Respectfully Submitted:

Dated:  February ___14___, 2017

Donald R. Gerace, Esq.
Attorney for Plaintiff
Bar Roll #101758
Office and P.O. Address
2613 Genesee Street
Utica, New York 13501
Tel. No. (315) 735-7509

# VERIFICATION

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF ONEIDA    )

     **SARAH SENCHYSHYN**, being duly sworn, deposes and says that deponent is the Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believe to be true.

_____
Sarah Senchyshyn

Sworn to before me this
_14__ day of February, 2017

_____
Notary Public – State of New York
_____ Co. – Comm. Exp. _____

DONALD R. GERACE
Notary Public, State of New York
No. 02GE4854026
Qualified in Oneida County
Commission Expires February 10, 2018

- 16 -